The State, ex rel. Krieg, *v.* Tracy, State Aud., et al.

(Decided January 26, 1934.)

*Messrs. Harrison & Marshman, Mr. Herbert S. Duffy* and *Mr. Thomas J. Duffy,* for relator.

*Mr. John W. Bricker,* attorney general, and *Mr. Perry Graham,* for defendants.

Montgomery, J., of the Fifth Appellate District, sitting by designation in the Second Appellate District.

This action comes into this court on appeal from the decision of the Court of Common Pleas of Franklin county, Ohio. The relator, Charles N. Krieg, filed in that court his petition for an injunction against the defendant Tracy, as auditor of the state of Ohio, and

Harry S. Day, as treasurer of the state of Ohio, to enjoin these defendants from issuing warrants or paying claims provided for by what is known as House Bill No. 703, enacted by the General Assembly of the state of Ohio, and approved by the Governor on July 20, 1933. It is claimed in the petition that said House Bill No. 703 is wholly invalid and in contravention of the provisions of the Constitution of the state of Ohio for a number of reasons alleged in the petition, the chief complaint being that said act attempts to and does delegate authority to the auditor of state, and that such attempted delegation of authority is wholly ineffective and void.

A supplemental petition was thereafter filed in which the relator avers that said House Bill No. 703 is wholly invalid, in that it did not receive in the House of Representatives of the state of Ohio a two-thirds vote of all the members elected to said house.

It is a simple matter to dispose of the complaints set forth in the original petition. The one stressed in argument and in briefs of counsel is that this act delegates authority to the auditor of state, which authority is vested in the Legislature itself and cannot be delegated. With this contention we do not agree, nor do we find any merit in the other complaints in the original petition.

Section 243 of the General Code of Ohio authorizes and requires the auditor of state to do the things which Section 2, House Bill 703, directs that he shall do. Such direction in this act is superfluous. The duty is enjoined upon the auditor by this Section 243. He is a constitutional officer of the state of Ohio, and the Legislature had the right to prescribe his duties as was done in the passage of Section 243. There is nothing inconsistent between that section and this House Bill 703. Were it not for the complaint set forth in the supplemental petition, we would without hesitation render a decree for the defendants.

However, this supplemental petition raises another and very serious question. Article 2, Section 29, of the Constitution of the state of Ohio, is in the following language: "No extra compensation shall be made to any officer, public agent, or contractor, after the service shall have been rendered, or the contract entered into; nor, shall any money be paid, on any claim, the subject matter of which shall not have been provided for by pre-existing law, unless such compensation, or claim, be allowed by two-thirds of the members elected to each branch of the General Assembly."

It is conceded in the instant case that this House Bill No. 703 did not receive the votes of two-thirds of the members elected to the House. It is contended that this requirement is obviated by the provisions of Section 270-6 of the General Code of Ohio, which is the section providing for the "Sundry Claims Board," and prescribing its duties and powers. A study of this Section 270-6 shows that it simply provides a certain procedure for the board therein authorized to hear and determine claims presented, and provides for their disposition. This section nowhere establishes any substantive right. It nowhere passes upon any subject-matter of any kind or description.

Our attention has been called to the case of *State, ex rel. Gindelsperger,* v. *Wright, Aud.,* 34 C. D., 642, 24 C. C. (N. S.), 400. That case is directly in point. It holds the act then under consideration valid; it having received the vote of two-thirds of the members elected to each House of the Legislature. The opinion recites that upon a previous investigation of a former act the court had held the former act invalid and unconstitutional because it had not been passed by a two-thirds vote.

Attention is directed to the case of *Fordyce* v. *Godman, Aud.,* 20 Ohio St., 1, the first paragraph of the syllabus of which reads: "At the time of the raid

through Ohio, by the rebel forces, led by John H. Morgan in 1863, and their destruction of private property, there was no subsisting law requiring or authorizing the payment, by the state, of the damages thereby occasioned to individuals; and therefore, under the provisions of the 29th section of the 2d article of the state constitution, claims for such damages cannot be paid out of the State treasury till allowed by the concurrent votes of two-thirds of the members elected to each branch of the general assembly."

We can come to no conclusion other than that the provisions of Article II, Section 29, are mandatory, and that the majority of the items complained of in this House Bill No. 703 do not come within the exceptions provided by Article II, Section 29.

Counsel in open court stated that there were certain items coming within the exception upon which they could agree. It follows that as to such items, the auditor would be justified in drawing his warrant in payment thereof, whether they be matters of compensation not for services theretofore rendered or contracts theretofore entered into, or whether they be of a kind the subject-matter of which has been provided for by pre-existing laws. As to all other items, there may be a decree perpetually enjoining defendants as prayed for in the petition and the supplemental petition, and counsel in drawing their entry in accordance with this finding may specify such items as do not come within its inhibition.

*Injunction allowed.*

KLINGER and GUERNSEY, JJ., of the Third Appellate District, sitting by designation in the Second Appellate District, concur.